## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS – BENTON DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY ) | |
| as subrogee of SCOTT A. TROVILLION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| DEERE & COMPANY d/b/a ) | Case No: |
| JOHN DEERE ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff, FCCI Insurance Company, as subrogee of Scott A. Trovillion, by and through undersigned counsel, hereby files this Complaint against Defendant, Deere & Company d/b/a John Deere, and alleges the following:

## **NATURE OF THE CASE**

1. FCCI Insurance Company, as subrogee of Scott A. Trovillion, seeks damages from John Deere for a June 28, 2014 failure of a John Deere tractor's electronic steering system that caused damage to an attached planter.

## **PARTIES**

2. Plaintiff's insured, Scott A. Trovillion, ("Trovillion") was the owner of specific farm equipment, including a 2013 John Deere 8335R 335HP tractor ("Tractor") and a 2013 John Deere 1790 planter ("Planter"), which he operated on his farm located at 4100 Big Bay Road in the City of Metropolis, Illinois 62960.

3. Plaintiff, FCCI Insurance Company ("FCCI"), is a corporation duly organized and existing under the laws of the State of Florida, with a principal place of business located at 6300

University Parkway, Sarasota, Florida 34240, which at all relevant times was duly authorized to issue policies of insurance in the state of Illinois.

4. Upon information and belief, Defendant, Deere & Company d/b/a John Deere ("John Deere"), is a Delaware corporation with a principal place of business of Moline, Illinois that was engaged in the business of manufacturing and selling heavy equipment, such as tractors and planters, under the assumed name John Deere Company.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the Plaintiff and Defendant are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. This Court has personal jurisdiction over Defendant, and venue is proper in this District, as the loss occurred in Metropolis, Illinois, Defendant transacts business in the State of Illinois and Defendant's registered agent is located at One John Deere Place, Moline, Illinois, 61265.

## GENERAL ALLEGATIONS

7. On April 28, 2014, Trovillion purchased a new John Deere 2103 8335R 335HP tractor ("Tractor"). The Tractor was equipped with Active Command Steering, which uses electronic commands to relay steering wheel input to the rest of the steering system. (A true and accurate copy of the Purchase Order for this item is attached hereto as Exhibit A).

8. On a date prior to June 28, 2014, FCCI issued a policy of insurance to Trovillion that was in effect on June 28, 2014, whereby Plaintiff provided property insurance coverage for farm equipment owned by Trovillion, including the Tractor and Planter.

9. On June 28, 2014, Trovillion used a planter that he owned prior to this date, with the Tractor.

10. On June 28, 2014, while Trovillion was using the Tractor with the planter, the steering system failed suddenly after Trovillion attempted to turn the Tractor. Despite attempting to make a wide turn, the tractor made a sharp and sudden turn, which resulted in a roll-over of the attached planter, severely damaging it.

11. Although the steering system was programmed to make a wide turn, the steering system failed and resulted in only a minor steer angle of the front wheels, which caused the roll over occurrence.

12. This steering wheel deficiency caused damage to other property—the planter attached to the Tractor.

13. At all times relevant hereto, the Tractor was used as it was reasonably anticipated by Defendant with no signs of abuse or misuse.

14. The Tractor only had 148 operating hours registered to it, when this steering system failure occurred approximately two months after it was purchased new.

15. As a result of the steering system failure, Trovillion made a property insurance claim with FCCI for costs associated with the property damage to the Tractor and Planter, and Plaintiff paid Trovillion the amount of this damage.

16. Plaintiff is subsequently assigned the right to pursue this action and is thereby subrogated to the rights of Trovillion to bring this action against those responsible.

**COUNT I — NEGLIGENCE AGAINST JOHN DEERE**

17. Plaintiff realleges and incorporates herein by reference Paragraphs 1-16, inclusive, of this Complaint as though fully set forth at length.

18. John Deere designed, manufactured, and sold the Tractor that failed at the Trovillion property.

19. John Deere had a duty to design, manufacture, and distribute tractors which were safe and free of defects.

20. John Deere had a duty to inspect component tractor parts to ensure that the component parts were safe and free of defects.

21. It was foreseeable by John Deere that if John Deere designed, manufactured, assembled, and distributed a tractor with a latent defect and/or if John Deere failed to properly inspect component parts for latent defects and/or if John Deere failed to warn of such defects, whether known pre-sale or discovered post-sale, purchasers such as Trovillion could incur personal and/or property damage.

22. Trovillion used the tractor for its intended and/or reasonably foreseeable purpose.

23. John Deere breached its aforesaid duties to Trovillion in one or more of the following ways:

   (a) designing, manufacturing, assembling, and distributing the tractor with a latent dangerous defect;

   (b) failing to adequately inspect component parts for latent dangerous defects;

   (c) otherwise being careless and negligent.

24. As a direct and proximate result of the aforesaid negligence and/or negligent acts and/or negligent omissions of John Deere, Plaintiff incurred damage in an amount in excess of $75,000.00, an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests judgment against John Deere for the damages alleged above, together with pre-verdict interest, post-verdict interest, and such other relief as this Court deems just and proper.

## COUNT II — STRICT LIABILITY AGAINST JOHN DEERE

25. Plaintiff realleges and incorporates herein by reference Paragraphs 1-16, inclusive, of this Complaint as though fully set forth at length.

26. John Deere designed and manufactured the Tractor that failed at the Trovillion property.

27. John Deere sold or otherwise purposefully caused the Tractor to enter the stream of commerce such that it was sold in the State of Illinois and used at the Trovillion property.

28. The tractor contained the above defect when it left John Deere's possession and control.

29. The Tractor reached Trovillion without substantial alteration or change in condition from the time it left John Deere.

30. Trovillion used the tractor for its intended and/or reasonably foreseeable purpose and for a mere two months prior to the failure caused by the defect.

31. This occurrence was the result of a failure of a defective electronic Active Command Steering system in the course of its ordinary use.

32. The Tractor was defective, and the defective condition was the direct and proximate cause of the damage to the planter and to the Tractor on or about June 28, 2014.

33. As a direct and proximate result of the Tractor's defective condition, Plaintiff incurred damage in an amount in excess of $75,000.00, an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests judgment against John Deere for the damages alleged above, together with pre-verdict interest, post-verdict interest, and such other relief as this Court deems just and proper.

## COUNT III: BREACH OF EXPRESS WARRANTY AGAINST JOHN DEERE

34.     Plaintiff realleges and incorporates herein by reference Paragraphs 1-33, inclusive, of this Complaint as though fully set forth at length.

35.     John Deere designed, manufactured, assembled, distributed and/or supplied the Tractor.

36.     John Deere expressly warranted to Trovillion, as part of the basis of the purchase order contract, that the Tractor was manufactured, assembled, inspected and/or sold with due care and diligence and free from defect. [Exhibit A, p. 1-2].

37.     The express warranty provided that the Tractor components, including its steering components, would be fit for their intended purpose for the lesser of "24 Months or 2000 Hours, Whichever Comes First." [Exhibit A, p. 2].

38.     John Deere breached the express warranty by the following ways:

   (a)     The Tractor left John Deere's manufacturing facility in a defective, unsafe condition; and

   (b)     The Tractor was improperly manufactured and unreasonably failed approximately two months after purchase and well within the warranty period set forth above;.

   (c)      The unreasonable failure of the tractor, due to a defective and unsafe condition, foreseeably caused damage to other property.

39.     At all times relevant hereto, the Tractor was being used in the ordinary manner and purpose for which it was intended and which was reasonably foreseeable to John Deere.

40.     FCCI and Trovillion complied with all required notice warranty provisions as set forth in Trovillion's purchase order for the Tractor. [Exhibit A, p. 2].

41. As a direct and proximate result of the breach by John Deere of the express warranty, the tractor failed and caused damage to Plaintiff in an amount in excess of $75,000.00, an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests judgment against John Deere for the damages alleged above, together with pre-verdict interest, post-verdict interest, and such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted this 26th day of June, 2018.

By: s/ Anthony J. Morrone
Anthony J. Morrone
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
Tel: (312) 382-3100
Fax: (312) 382-8910
e-mail: amorrone@cozen.com
Attorneys for Plaintiff

Anthony J. Morrone
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel.: (312) 382-3100
Fax: (312) 382-8910
amorrone@cozen.com